## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| WAYNE LUTLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CASE NO.: |
| ) | |
| NOLAND HEALTH SERVICES, INC. ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| Defendant ) | |
| ) | |
| , ) | |

### PLAINTIFF'S COMPLAINT

### INTRODUCTION

Plaintiff, WAYNE LUTLEY, individually, files his Complaint against Noland Health Services, Inc. and the Jefferson County Commission, pursuant to the provisions of 42 U.S.C. § 1981 and 42 U.S.C. §1983, the laws of Alabama, and other applicable laws, to correct the unlawful and discriminatory practices in its making and performance of obligations under federal law, and seeks appropriate relief as the result of being adversely affected by such actions, stating as follows:

### THE PARTIES

1. Plaintiff Wayne Lutley, hereafter (Lutley), is a male resident citizen of the state of Alabama who is over the age of nineteen (19) years, and residing in Jefferson County, Alabama. Lutley is the husband of Judy Shay Lutley for 64 years.

1

2. Defendant, Noland Health Services, Inc. is a Domestic Corporation doing business in Jefferson County, Alabama (Jefferson) on dates of the events that are the basis of this complaint.

3. Defendant, Jefferson County Commission, is a municipal corporation, comprised of five members.

4. Defendant, James P. Naftel, is a probate court judge for Jefferson County Alabama.

## II.
## JURISDICTION AND VENUE

5. The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth herein.

6. Jurisdiction of this Court is invoked pursuant to 28 U. S. C. §§ 1331and 1343 as this action arises under laws of the United States of America and this action is commenced to recover damages and/or equitable relief under an Act of Congress which provides for the protection of civil rights, equal protection, 5th Amendment violations, 14th Amendment violations and due process, with such action being brought under 28 U.S.C. 1981.

7. Venue is proper under 28 U.S.C. § 1391(b)(2) as the practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Middle Division. this Court also has supplemental jurisdiction over Lutley's State-law claim pursuant to 28 U.S.C. § 1367.

## III.
## THE FACTS

8. On or around July 29, 2022, Judy Shay Lutley the spouse of Wayne Lutley was admitted to the Oaks on Parkwood ("the Oaks"), a skilled nursing home located in Jefferson County, Bessemer, Alabama. At the time of Mrs. Lutley's admittance in the Oaks, Mr. Lutley and the Oaks enter into a written agreement for Mrs. Lutley's residential stay, financial and medical care.   Mr. Lutley and Brad Lutley, his son

regularly visited Mrs. Lutley but discontinued visits due to constant harassments by the Oaks management and staff concerning Mrs. Lutley unpaid monthly rents deficiencies. The agreement entered into by the Oaks and Mr. Lutley specially stated that disputes between the parties shall be resolved through Federal arbitration not the involvement of any other parties prior to that process. The also agreement disputes shall comply with Centers for Medicare and Medicaid (CMS) especially since Mrs. Lutley receives Medicare and Social Security benefits. The Oaks, instead of seeking Federal Arbitration filed a petition with the Probate Court of Jefferson County alleging Mrs. Lutley to be an abandoned person requesting a guardian and conservator. Under Alabama law a guardian looks after the person and their welfare while a conservator looks after estate. On or around March 15, 2023, Judge James P. Naftel, II appointed Attorney Greg Hawley as temporary guardian and conservator whereas on April 5, 2023, made that appointment permanent. Subsequently Attorney Hawley appointment along with his staff all funds in a Wells Fargo triple owned account bearing names of Wayne Lutley, Judy Lutley and Brad Lutley were marshalled in the amount of $68,448.82 to pay the Oaks for Mrs. Lutley unpaid monthly. Attorney Hawley began receiving Mrs. Lutley's Social Security benefits but to date has not applied those benefits to Mrs. Lutley's residential stay at the Oaks but continue to attempt enforcement of the Oaks and Mr. Lutley's residential agreement in which Mrs. Lutley co-signatory of the Oaks residential agreement. On October 23, 2023, Attorney Greg Hawley filed an action un the Court under Elder Abuse Protection Order and Enforcement Act. On October 25, 2023, Circuit Court issued preliminary injunction enjoining Mr. Lutley from selling any jointly owned marital assets. On February 16, 2024, without standing to enforce the agreement between the Oaks and Mr. Lutley, held a permanent hearing to Order Mr. Lutley to pay Mrs. Lutley's rent at the Oaks thus bring the account current by February 29, 2024. On May 15, 2024, the Circuit Court dismissed the action in it Court saying all further issues should be addressed in the Probate Court making all prior orders permanent. On February 21, 2024, Mr. Lutley paid the Oaks $34,200.00 bringing the

3

unpaid rents current. While Attorney Greg Hawley in Court filing that he does not have enough funds to pay Ms. Lutley's Oaks account none of the Social Security benefits being received by his office has been applied to the Oaks's account for Mrs. Lutley's residential stay and/or care. A Complaint was filed by attorneys Greg Hawley and Martin Evans to sell the jointly owned resident of Wayne Lutley and Judy Shay Lutley, located at 1020 Winchester Dr., Birmingham, Alabama to enforce the unpaid monthly rents payment owed to the Oaks. Subsequently, the hearing upon meeting with attorneys Greg Hawley and Martin Evans an offer of $246,000.00 representations of the share of Mrs. Lutley ownership interest in the couple's jointly owned properties. The attorneys rejected the offer stating that there was no money in the offer for "their legal fees". On August 9, 2024, in the Circuit Court of Jefferson County, Mr. Lutley's attorney reiterated Attorney Hawley has no standing to interfere with the Oaks and Mr. Lutley agreement related to Mrs. Lutley's residential stay; that the Circuit Court and Probate Court of Jefferson County has not standing to interfere with the agreement and Mr. Lutley's right to visit Mrs. Lutley at the Oaks in which is a violation of the codified rules of the United States Department of Human and Health Care Services and the Centers for Medicare and Medicaid Services; that failure of Attorney Greg Hawley to apply Mrs. Lutley Social Security benefits to her Oaks' unpaid rent is a violation the Social Security Administration rules and her constitutional rights impeding her for the complete use of those funds; and that use of evicted Mrs. Lutley from the Oaks short of applying for her Medicaid benefits is discriminatory violation of equal protection and fourteenth amendment rights.

## IV.
## CAUSES OF ACTION

### COUNT I: (DISCRIMINATION UNDER 42 U.S.C. § 1981)

9. The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth herein.

4

10. Lutley is a person within the meaning of 42 U.S.C. § 1981 and is therefore protected under the provisions set forth therein.

11. Defendants intentionally engaged in illegal discriminatory conduct against Lutley in the way and manner set forth above. Defendants 'intentional discriminatory actions involved the making and enforcement of contracts.

12. The Oaks, being a certified skilled nursing facility (SNF), under Federal law is required to comply with the visitation rights and requirements of the U. S. Department of Health and Hurman Services (HHS), Centers for Medicare and Medicaid Services (CMS), as outlined in the Code of Federal Registry (CFR) related to family members, other relatives and other visitors (See 42 CFR, Section 483.10 (f)(i)-(iv.)

13. As the proximate result of Defendants' illegal and discriminatory actions, Mr. Lutley suffered injuries and damages. Such injuries and damages were foreseeable.

## COUNT I1 – BREACH OF CONTRACT

14. Defendants intentionally and with malice violated a written agreement to arbitrate any dispute between Mr. Lutley and Noland Health Services, Inc. (Please see Agreement " Exhibit A").

15. The contract was signed electronically by the plaintiff and the defendant at Noland Health Services, Inc.

16. Mr. Lutley was approximately 82 years old at the time, and the contract was never explained to him.

17. The agreement specifically indicated that any dispute arising from the admission agreement by Federal Arbitration.

18. Noland Health Services, Inc. completely ignored the contract between plaintiff and Noland Health Services, Inc. and proceeded to the probate court to have a conservator and guardian appointed.

19. The Admission Agreement is bound by federal law.

20. Noland Health Services, Inc. facility at Oakwoods at the Park is bound by federal law due to the fact that it receives federal funds under Medicare, Medicaid, and Ms. Lutley receives social security and other benefits.

21. Defendants never attempted to arbitrate, but went to state court for relief, thus breaching the contract between Mr. Lutley and Noland Health Services, Inc.

22. Plaintiff was never served with the litigation.

23. Noland Health Services, Inc., and the Oaks, a skilled nursing facility, one of its facilities, is covered under the Centers for Medicare and Medicaid Services (CMS), 42 CFR Part 483, Subpart B).

24. Ms. Lutley never signed the contract, and thus is not liable under the agreement

25. The Conservator illegally marshalled funds from a bank account owned jointly by the plaintiff, his son and Mr. Lutley.

26. Noland Health Services, Inc. and Jefferson County Alabama and Judge Naftel ignored the Protecting Alabama's Elders Act, section 13A-6-9 (1), which provides criminal statutes for enforcement and prosecution for "financial abuse" and/or "financial exploitation" upon a full unfettered investigation by DHR under its jurisdiction. (See "Shirley's Law Act 2022-16; Please see "Shirley's Law, Exhibit "D"), which became effective on June 1, 2022.

27. Noland Health Services, the Oaks, Judge Naftel or Judge Hughey, failed to demand that the Social Security benefits of Ms. Lutley, being received by Greogry Hawley, appointed Jefferson County Conservator, be applied towards monthly resident billing as required by Social Security Administration's policies and procedures,

## COUNT 111 - NEGLIGENCE

28. Defendants had a duty to conduct its business in a manner that complied with the federal and state law provisions of 42 U.S.C. § 1981, Defendants breached this duty by failing to comply with these laws as set forth above.

29. As a result of Defendants' breaches of these duties, Plaintiff Lutley suffered injuries and damages and his constitutional rights were violated. These injuries and damages were foreseeable.

30. Noland Health Services and the Jefferson County Commission, working under the direction of Judge Naftel, failed to do its duty ensure for the care of Ms. Lutley by seeking/security Medicare benefits

31. Noland Health Services, Inc., by and through its agent, Attorney Gregory Hawley, unlawfully hired an attorney to pursue assets that are "protected properties" under federal and state law, meaning that they cannot be sold while Ms. Lutley is living.

32. In addition, in the Conservator's efforts to sell property allegedly owned by Mr. Lutley, the titles to the properties encumbered and many of the parties that supposedly owned the property are now deceased, and no estate has been opened on behalf of the deceased parties. The net effect is that the property cannot be sold given these circumstances.

33. The probate court ignored the fact that an agreement was in place between the plaintiff and Noland Health Services, Inc. and that the Conservator, appointed by the probate court, had no authority and no standing in the referenced matter

34. The agreement between the plaintiff and Noland Health Services, Inc. required, explicitly, that any dispute be handled through Federal Arbitration Act. ( Please see Exhibit "A"- Admission Agreement).

## COUNT 1V - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

35. That Defendants' negligent failure to act reasonably and prudently in the making and/or performance of the contract as set forth herein, resulted in the negligent infliction of mental and emotional distress upon the Plaintiff.

36. Mr. Lutley was denied the rights to visit his wife as he wished, and when he was allowed to visit with his wife of 64 years, he was monitored by the Conservator under an unlawful Order provided by Judge Hughey (Please see Exhibit "B").

37. The Order by Judge Hughey is/was in clear contravention of federal law regarding visitation by a spouse. (Please see Exhibit "B" ).

38. Such negligent infliction of mental and emotional distress and the harm and damages caused by same was reasonably foreseeable.

39. Plaintiff was denied the right to visit his wife, unencumbered.

## COUNT V – CIVIL CONSPIRACY

40. The actions of Noland Health Services, Inc., the Jefferson County Commission and Judge Naftel were designed as a conspiracy to subvert Mr. Lutley's rights under the written Admissions Agreement.

    a. The purpose of this concerted effort was to achieve the unlawful purpose of achieving having the contract awarded to Ingram and his company, Perfection, through the unlawful means of subverting the Alabama bidding process.

41. These actions had as it object and purpose to cause damage to Plaintiff Lutley, damage was to be reasonably be expected to flow from their actions and in fact was what was contemplated when they acted as they did.

8

42. The financial statements provided the Conservator, who has no authority or standing in this matter, have been financially-engineered to appear righteous, but are specious on their face.

43. The actions of Noland Heath Services, Inc., the probate court of Jefferson County, Alabama, the Jefferson County Commission and Judge Naftel had a duty to act in such a way as to not cause Plaintiff Lutley to suffer damage.

44. The questions remain as to how many other citizens of Jefferson County, Alabama have been so-violated by the schemes of Noland Health Services, the Jefferson County Commission and Judge Naftel.

45. The financial statements presented by the Conservator to this Court and other Courts do not meet generally accepted accounting principles, nor do they meet generally accepted auditing standards.

46. The actions of Noland Health Services, Inc., the Jefferson County Commission, Judge Naftel and Judge Hughey constitute the tort of civil conspiracy.

47. Discovery and other methods will determine the length and extent of this conspiracy in Jefferson County.

48. Noland Health Services, Inc. and the Conservator have acted in bad faith and made dilatory tactics to obfuscate the proceedings.

## COUNT VI – FRAUD

49. That the allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein

50. Noland Health Services, Inc. in conjunction with the Conservator/guardian, conspired to misappropriate funds from Ms. Lutley's social security payments and her Medicare payments

51. Noland Health Services, Inc. intentionally and with malice did not apply the proceeds of Ms. Lutley's monthly payments properly.

52. Noland Health Services, Inc. intentionally attempted to circumvent federal laws as it relates to Mr. Lutley's visitation.

53. The Jefferson County Commission employees new or should have known that the Conservator had no standing in this matter.

54. Ms. Lutley has been financially exploited by the use of deception, intimidation, undue influence, force and threat of force to obtain Ms. Lutley's asset under the guise of a conservatorship. The only beneficiary is the Conservator, whose only duty is to preserve the assets of the protected person.

55. Noland Health Services, Inc. and the Conservator have conspired to "steal" Ms. Lutley's assets by hiring another attorney to attempt to sell her interests in the martial residence.

56. Under the Federal law, no lien (TEFRA LIEN) can be placed on the marital residence if there is a spouse residing in the home. (Please see Exhibit "C") .

## COUNT V11 - VIOLATION OF EQUAL PROTECTION CLAUSEP

57. Mr. Lutley was precluded by court order from visiting his wife without supervision

58. Mr. Lutley had to call to make an appointment to visit his wife of 44 years.

59. Mr. Lutley's attorney was threatened with legal action for pursuing this matter. (Please see Exhibit "E").

60. The state has never ruled impartially and not to draw distinctions between individuals solely on differences that are irrelevant and do not serve a legitimate objective purpose.

61. Mr. Lutley has never been served in this matter.

## COUNT V111 - VIOLATION OF THE FIFTH AMENDMENT

62. The Fifth Amendment says that no one shall be "deprived of life, liberty or property without due process of law." In the instant case, Mr. Lutley was denied unmonitored visitation with his

wife of 64 years by Court Order. Under federal law, a spouse cannot be denied visitation with the spouse. Under Shirley's Law, where visitation is at issue, a filing must be made to DHR, then there must be a hearing to determine if there is a cause of action or needed criminal proceeding. In this case, there was never a hearing to determine whether there was abuse or any type of exploitation. The Court issued its orders based on allegations, hearsay and innuendo. There was never a filing of evidence by the Conservator/guardian to document any type of abuse or exploitation. The rulings by the Court were an arbitrary exercise of power. There was no evenhandedness. The intent, it appears, was to frustrate the fairness of the proceedings and the constitutional rights of the plaintiff. There was no notice given or an opportunity to be heard by a neutral decision maker.

## COUNT IX – VIOLATION OF THE FOURTEENTH AMENDMENT

63. Under the Fourteenth Amendment, protection is given to person that protect them from actions by state and local governments. In this matter, there was never any due process to litigate this matter. Mr. Lutley was never given notice of any proceeding or any other hearing to clarify this matter before rulings by the Court. The Plaintiff's rights were violated, in clear contradiction of federal law, CFR 483, Subpart B, which outlines a constitutional right to visitation by the spouse, In this matter, there was never any showing of abuse or exploitation by the Court or Conservator, merely allegations, hearsay or innuendo. There was never any due process in an attempt to clarify the law or to prevent abuse or exploitation. Shirley's Law provides for central registry, which lists the names of abusers.

## COUNT X – UNCONSCIONABILITY

64. Under the 1987 Nursing Home Reform Law, nursing homes were required to promote and protect the rights of each resident against neglect and exploitation. There can be no deception, breach of

duty, improper using of conservatorship and unexplained disappearance of funds. In this case, the plaintiff was denied unmonitored visitation with his wife of 64 years, and asked to sign documents without explanation or clarification on their computers. To this day, he has no ability to characterize or understand what he was signing.

Also, on the financial statements provided to the court on behalf of the Conservator, the plaintiff has no understanding of how Ms. Lutley's social security, and other benefits, were appropriated. It appeared to him that the statements were financially-engineered to give the appearance of integrity and financial soundness when the opposite was true. The statements provided to the Court by the Conservator met no standard of financial integrity under generally accepted accounting standards and generally accepted auditing standards. Under the Elder Justice Act of 2010, the law mandates federal resources to prevent dated threats, and to intervene, where appropriate, to prosecute elder abuse, neglect and exploitation. Noland Health Servies, Inc. the Jefferson County Commission and Judge Naftel, have clearly moved beyond the pale.

## COUNT X1 – THREATS AND HARASSMENT BY NOLAND OFFICIALS

65. Noland Health Services, Inc. has gone beyond the pale by threatening the plaintiff's attorney with loss of his law license if the plaintiff's attorney continues to pursue this litigation, (Please see Exhibit "E").

Noland Health Services, Inc. has provided no basis in law or in fact to warrant such a comment. The threat was designed to intimidate the pursuit of the constitutional rights of the plaintiff.

## COUNT XII – ATTORNEY'S FEES PURSUANT TO 42 U.S.C. 1988

66. This action to enforce provisions of 42 U.S.C 1981 provides for the award of attorney's fees as part of the costs in order to encourage and reward private enforcement of civil rights laws.

67. There are no special circumstances in this case which would justify a denial of attorney's fees. Therefore, upon prevailing on the claims predicated under 42 U.S.C. 1981, the Plaintiff would be entitled to an award of attorney's fees.

## V.
## DEMAND FOR JURY TRIAL

68. That the allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

69. That the Plaintiff hereby requests a jury trial on all questions of fact that are raised in his Complaint.

## IV.
## PRAYER FOR RELIEF

70. That the allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that he be made whole by ordering Defendants to provide the following:

a. a permanent injunction enjoining Defendants, its agents, successors, employers, and those acting in concert therewith from continuing to violate the civil rights laws

b. Compensation for past and future pecuniary losses resulting from the unlawful and discriminatory practices complained of herein, as well as losses suffered for breach of the contract, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

13

c. Punitive damages for its malicious and reckless conduct described herein in an amount to be determined at trial;

d. Pre and Post Judgment interest;

e. Attorneys' fees, costs, and expenses; and

f. Such other, further, and different relief as the Court deems just and proper under the premises.

**RESPECTFULLY SUBMITTED,** this 10th day of September, 2024.

/s/ Otis Stewart, Jr.
Otis Stewart, Jr.[STE 191]

**OF COUNSEL**
**THE STEWART FIRM, LLC**
208 23rd STREET NORTH
BIRMINGHAM, ALABAMA 35203
Tel: (205) 267 – 1226
Fax: (205) 387 – 3472
Email: tsostewart@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following, or if not electronically served, I have mailed a copy of the same via first class mail United States Mail, post prepaid, to the following:

**JEFFERSON COUNTY COMMISSIONERS**
ATTN: Theodore Lawson
Jefferson County Courthouse
Birmingham, Alabama 35203

Judge James P. Naftel, Presiding Probate Judge

C. Burton Dunn, Esq
Dunn and Associates, Inc.
2 North Twentieth Street
Suite 1110
Birmingham, Alabama 352203

Martin Evans, Esq
Evans and Evans
2001 – Park Place
Suite 540
Birmingham, Alabama 35203

Gregory F. Hawley, Esq.
HAND ARENDALL
1801 – 5th Avenue North
Suite 400
Birmingham, Alabama 35203

**OF COUNSEL**
Otis Stewart Jr.