# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **WAYNE LUTLEY,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 4:24-cv-01253-RDP |
| **NOLAND HEALTH SERVS, INC. et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion to Dismiss, filed on October 7, 2024. (Doc. # 3). The Motion (Doc. # 3) has been fully briefed (Docs. # 3, 14, 18) and is now ripe for a decision. For the reasons discussed below, the Motion (Doc. # 3) is due to be granted.

**I.     Background**

This is a case about payment of rent to a skilled nursing home. Specifically, Plaintiff alleges that a nursing home has interfered with his right to visit his wife and separately violated several federal and state law provisions as the nursing home sought state court intervention to recover his wife's unpaid rent.

The facts alleged in Plaintiff's complaint (Doc. # 1) are as follows: Wayne Lutley ("Plaintiff") is the husband of Judy Shay Lutley, who was admitted to the Oaks on Parkwood, a skilled nursing home in Jefferson County, Alabama, "[o]n or around July 29, 2022." (*Id.* at 2 ¶ 8). When his wife was admitted to the Oaks, Plaintiff signed a written agreement that "stated that disputes between the parties shall be resolved through Federal arbitration." (*Id.* at 2-3 ¶ 8). Although Plaintiff and his son Brad regularly visited Judy Lutley, they stopped because the Oaks

management and staff were allegedly engaging in "constant harassment . . . concerning Mrs. Lutley['s] unpaid monthly rent[] deficiencies." (*Id.* at 3 ¶ 8).

Related to this unpaid rent, the Oaks filed a petition in the Probate Court of Jefferson County asserting that Judy Lutley was an abandoned person and required a guardian and conservator. (*Id.*). The court appointed Attorney Greg Hawley as temporary guardian and conservator. (*Id.*). Hawley "marshalled" $68,448.82 from a joint Wells Fargo account owned by Plaintiff, Judy Lutley, and their son Brad Lutley to pay the Oaks for Judy Lutley's unpaid bills. (*Id.*). Hawley also "began receiving [Judy] Lutley's Social Security benefits" but "has not applied those benefits." (*Id.*). After Hawley filed an action under the Elder Abuse Protection Order and Enforcement Act, a circuit court issued a "preliminary injunction enjoining Plaintiff from selling any jointly owned marital assets." (*Id.*). On February 21, 2024, Plaintiff paid $34,200 to the Oaks "bringing the unpaid rents current." (*Id.* at 3-4 ¶ 8). Hawley and another individual filed a complaint to "sell the jointly owned residen[ce] of Wayne Lutley and Judy Shay Lutley . . . to enforce the unpaid monthly rents payment owed to the Oaks." (*Id.* at 4 ¶ 8). Plaintiff offered $246,000 to represent what he believed to be Judy Lutley's share of the residence, but the attorneys rejected this offer, "stating that there was no money in the offer for 'their legal fees.'" (*Id.*).

Plaintiff filed a complaint in federal court on September 13, 2024, alleging twelve claims against three defendants: discrimination under 42 U.S.C. § 1981 (Count I); breach of contract (Count II); negligence (Count III); negligent infliction of emotional distress (Count IV); civil conspiracy (Count V); fraud (Count VI); violation of Equal Protection Clause (Count VII); violation of the Fifth Amendment (Count VIII); violation of the Fourteenth Amendment (Count IX); unconscionability (Count X); threats and harassment by Noland officials (Count XI); and attorney's fees pursuant to 42 U.S.C. § 1988 (Count XII). Plaintiff later moved to dismiss two of

those defendants (Jefferson County Commission and James Naftel), leaving Noland Health Services ("Defendant") as the only remaining defendant in this action.

## II.     Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not satisfy Rule 8, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires a plaintiff to allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). In addition, "a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their

veracity and then determine whether they plausibly give rise to an entitlement to relief." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (per curiam) (citations and internal quotation marks omitted). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the court determines that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the claims are due to be dismissed. *Id.* at 570.

## III.     Analysis

Defendant makes four arguments as to why Plaintiff's claims should be dismissed: (1) the Fifth and Fourteenth Amendment claims do not apply to Defendant as a non-government entity (Doc. # 3 at 5-7); (2) Plaintiff does not plead at least two required elements of a 42 U.S.C. § 1981 claim (*id.* at 7-9); (3) given the likely dismissal of these federal claims, supplemental jurisdiction over Plaintiff's remaining state law claims would be inappropriate (*id.* at 9-12); and (4) each of these state law claims are due to be dismissed on their own merits. (*Id.* at 12-19).

Plaintiff responds by arguing that *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) are bad law and have been superseded. (Doc. # 14 at 3). The court disagrees. *Ashcroft* and *Twombly* are still good law and have not been superseded – indeed, they form part of the standard of review for a district court on a motion to dismiss. Plaintiff also argues that there is no need for supplemental jurisdiction over its breach of contract claim because the contract Plaintiff signed was "governed by the Federal Arbitration Act." (*Id.*). However, the Eleventh Circuit has held that "the Federal Arbitration Act requires an independent jurisdictional foundation" *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016), and "does not confer subject matter jurisdiction . . . nor does it create independent federal question jurisdiction." *Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 431 F.3d 1320, 1325 (11th

Cir. 2005). Therefore, the fact that a contract references the Federal Arbitration Act does not turn a breach of contract claim into a federal question. Because the basis for subject matter jurisdiction in this case is federal question jurisdiction (*see* Doc. # 1 at 2 ¶ 6), the court analyzes Plaintiff's breach of contract claim as a state law claim over which the court requires supplemental jurisdiction.

Below, the court considers Defendant's relevant arguments for dismissal.

**A.    Fifth and Fourteenth Amendment Claims (Counts VII, VIII, and IX)**

Plaintiff asserts claims for a violation of the Equal Protection Clause, violation of the Fifth Amendment's Due Process Clause, and violation of the Fourteenth Amendment's Due Process Clause.

The Due Process Clause of the Fifth Amendment only applies to federal governmental entities. *See Bartkus v. State of Illinois*, 359 U.S. 121, 124 (1959) (acknowledging that this clause only applies to the federal government). Defendant, according to Plaintiff's complaint, is "a Domestic Corporation doing business in Jefferson County, Alabama." (Doc. # 1 at 2 ¶ 2). There is no argument that Defendant is part of the federal government or is even a quasi-governmental entity. (*Cf.* Docs. # 1, 14 (not making this argument)).

Similarly, the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment only apply to governmental entities. *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (distinguishing between "state action subject to Fourteenth Amendment scrutiny and private conduct (however exceptionable) that is not"). As noted above, Plaintiff has not pleaded nor made an argument that Defendant is a governmental or quasi-governmental entity. (*Cf.* Docs. # 1, 14).

Plaintiff's claims under the Fifth and Fourteen Amendments apply to behavior by a government entity, and Plaintiff has failed to show how Defendant is a government entity. For that reason, each of these claims is due to be dismissed.

Therefore, Plaintiff's Fifth Amendment and Fourteenth Amendment claims in Counts VII, VIII, and IX are due to be dismissed for failure to state a claim.

### B.     42 U.S.C. § 1981 Claim (Count I)

Plaintiff asserts that Defendant violated 42 U.S.C. § 1981 because it "intentionally engaged in illegal discriminatory conduct against Lutley" involving the making and enforcement of contracts. (Doc. # 1 at 5 ¶ 11). Plaintiff also notes that the Oaks is required to comply with federal regulations related to skilled nursing facilities. (*Id.* ¶ 12, citing 42 C.F.R. § 483.10(f)(i)-(iv)). Defendant argues that Plaintiff's § 1981 claim is insufficiently pleaded because it does not allege that Plaintiff is a member of a racial minority or that Defendant intended to discriminate on the basis of race, which are two essential elements of a § 1981 claim. (Doc. # 3 at 8-9).

A § 1981 cause of action requires a plaintiff to prove "(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004) (citation omitted). As Defendant correctly notes (Doc. # 3 at 8-9), Plaintiff never alleges that he is "a member of a racial minority." (*See* Doc. # 1). Plaintiff also never alleges that Defendant intended to discriminate against him on the basis of race, which is the second required element of a § 1981 claim. Because Plaintiff's complaint does not even mention his race, let alone how it could have impacted Defendant's actions toward him, he fails to state a § 1981 claim.

6

Therefore, Plaintiff's 42 U.S.C. § 1981 claim in Count I is due to be dismissed for failure to state a claim.

### C.     State Law Claims (Counts II, III, IV, V, VI, X, and XI)

Plaintiff asserts several state law claims, including breach of contract (Count II); negligence (Count III); negligent infliction of emotional distress (Count IV); civil conspiracy (Count V); fraud (Count VI); unconscionability (Count X); and threats and harassment by Noland officials (Count XI). Defendant argues that the court should decline to exercise supplemental jurisdiction over these claims because all of the federal claims over which the court has original jurisdiction are due to be dismissed. Alternatively, Defendant discusses why each state law claim should be dismissed on the merits.

Federal courts are courts of limited jurisdiction. As such, a federal court must have a basis for asserting subject matter jurisdiction over each claim in a plaintiff's complaint. Plaintiff's Complaint asserts that the basis for federal subject matter jurisdiction is federal question jurisdiction under the Fifth Amendment, Fourteenth Amendment, and 28 U.S.C. § 1981. 28 U.S.C. §§ 1331 and 1343; (Doc. # 1 ¶ 6). A federal district court normally does not have subject matter jurisdiction over state law claims that are not asserted in diversity. But, if the state law claims share with the anchoring claims a "common nucleus of operative fact" such that a plaintiff "would be expected to try them in one judicial proceeding," then supplemental jurisdiction allows a federal court to try the claims together. *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); 28 U.S.C. § 1367. Even where the state law claims share this common nucleus, however, a federal district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

In the instant case, the claims over which this court has original jurisdiction are the federal constitutional and statutory claims asserted in Counts I, VII, VIII, and IX. As explained above, each of those claims is due to be dismissed for failure to state a claim. Therefore, this is just the situation that Congress envisioned in 28 U.S.C. § 1367(c)(3), which directs that the "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The Eleventh Circuit has emphasized that "[s]tate courts, not federal courts, should be the final arbiters of state law." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997). Thus, "[w]here, as here, a court has dismissed all federal claims from a case, there is a very strong argument for dismissal, especially where the federal claims are dismissed prior to trial." *Ingram v. School Bd. of Miami-Dade Cnty.*, 167 Fed. App'x 107, 108 (11th Cir. 2006). Further, "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) (internal citations omitted). Therefore, Plaintiff's state law claims in Counts II, III, IV, V, VI, X, and XI are due to be dismissed under § 1367(c).

**D.     Attorney's Fees Claim under 42 U.S.C. § 1988 (Count XII)**

Plaintiff asserts an attorney's fees claim under 42 U.S.C. § 1988, which specifies that in an "action or proceeding to enforce a provision of sections 1981 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). As discussed above, Plaintiff has not asserted any other claims that would be covered under the attorney's fee provision of § 1988. Further, § 1988 authorizes attorney's fees for "the prevailing party." *Id.* Plaintiff is not the prevailing party in this case; therefore, he cannot recover attorney's

8

fees. For this reason, Plaintiff's attorney's fees claim under 42 U.S.C. § 1988 in Count XII is due to be dismissed.

## IV.     Conclusion

For the reasons discussed above, the Motion to Dismiss (Doc. # 3) is due to be granted. An order consistent with this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this January 2, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE